## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIPTONS EQUIPMENT, LLC | ) |
|         Plaintiff, | ) |
| vs. | ) Case Number: 10-CV-675-TCK |
| VERIFONE, INC. | ) |
|         Defendant. | ) |

## **JOINT STATUS REPORT**

JURY DEMANDED:   ☒ Yes   ☐ No

I.  Summary of Claims:  The Plaintiff Tiptons Equipment, LLC claims Defendant Verifone, Inc. orchestrated a campaign of disinformation both defaming its business reputation and interfering with its contracts and prospective contracts with third parties.  The Plaintiff further claims Defendant has violated sections 1 and 2 of the Sherman Act, the corresponding sections of the Oklahoma Antitrust Reform Act, and other claims sounding in antitrust. The Plaintiff's antitrust claims stem from defendant's monopoly power in the market for components used to render gas pumps "PCI-compliant."  The Defendant places technology within its components which require a technician code to service or activate the component. The Defendant refuses to provide a technician number to Plaintiff or other qualified companies, and in so doing the Plaintiff claims competition itself is harmed as the number of competitors are decreased and prices necessarily increase. Verifone's stated goal is to place its components in every gas pump in the United States, which through the use of its VASC program and technician number will provide it control over nearly every gas pump sales and service company.

Defendant Verifone, Inc. ("Verifone") has yet to answer, and has not yet asserted any claims against Plaintiff.

    A.   Claims to be Dismissed:  None.

II.  Summary of Defenses:  Verifone has filed a Motion to Dismiss asserting that Plaintiff's Petition fails to state a claim.  If the Motion to Dismiss is denied and Verifone is required to file an Answer, it will assert its denials of Plaintiff's allegations and additional defenses

- 2 –

at that time. These defenses and denials will include: lack of antitrust injury or injury to competition; lack of conspiracy; lack of monopoly power; failure to identify the relevant market; lack of intent to monopolize; lack of anticompetitive conduct; lack of an essential facility; lack of price discrimination in commodities; no interference with prospective economic advantage or contract; and no defamation. Further, Verifone does not agree that Plaintiff's Summary of Claims set forth above accurately depicts the allegations in its Petition.

    A.    Defenses to be Abandoned:  None.

III.    Motions Pending (include Docket Number, Description and Date at Issue):

Motion to Dismiss    Doc. No. 021 Motion under Rule 12(b)(6)    At issue since 12/28/10.

IV.    Stipulations:

    A.    Jurisdiction Admitted:    ☒ Yes    ☐ No (If no, explain.)

    B.    Venue Appropriate:    ☒ Yes    ☐ No (If no, explain.)

    C.    Facts:  None.

    D.    Law:  None.

V.    Proposed Deadlines:

The parties propose that discovery not occur until after the Court rules upon the pending Motion to Dismiss. As a result, the parties believe a scheduling order is premature and propose that they be directed to submit a joint status report with specific suggested dates and deadlines within 30 days following the ruling upon the Motion to Dismiss, should such Motion be denied.

    A.    Parties to be added by:

    B.    Amendment to pleadings not be allowed after:

    C.    Proposed discovery cutoff date (4 months of discovery unless extended by the court for good cause):

    D.    Fact witness lists to be exchanged by:

   E. Proposed Date for Expert Reports by Plaintiff and Defendant:

VI. Fed. R. Civ. P. 26(f) Discovery Plan:

   A. Should any changes be made to the timing, form or requirements for disclosures under Rules 26(a)? ☒ Yes ☐ No

The parties agree that a stay of discovery, including a stay of initial disclosures, is appropriate pending the Court's review of the pending motion to dismiss.

   B. When were or will initial disclosures under Rules 26(a)(1) be made? After ruling upon the pending Motion to Dismiss, should the Motion be denied.

    Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any nondisclosure so that the issue can be promptly referred to a Magistrate Judge for resolution. Failure of any party to disclose information, or failure of any party to bring disclosure issues to the Court's attention in a timely manner, may result in sanctions, including prohibiting the use of that information at trial, pursuant to Rule 37(c)(1).

   C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues? ☐ Yes ☐ No

The parties suggest that this issue should be determined after Court rules on the Motion to Dismiss.

   D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Court's local rules? ☐ Yes ☒ No

If yes, please explain:

   E. Proposed Number of fact and expert depositions: The parties believe that the number of witnesses should be determined after the Court rules on the Motion to Dismiss.

    1. To be allowed for Plaintiff?

    2. To be allowed for Defendant?

- 4 –

    F.    Is there a need for any other special discovery management orders by the Court?

        ☒ Yes    ☐ No

        The parties propose and agree to a stay of discovery pending resolution of the pending Motion to Dismiss (Doc. No. 21).

    G.    The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

VII.    Are Dispositive Motions Anticipated?    ☒ Yes    ☐ No

If yes, describe them.  Should the Motion to Dismiss be denied, each party anticipates filing Motions for Summary Judgment.

VIII.    Do All Parties Consent to Trial before the Assigned Magistrate Judge?

        ☐ Yes    ☒ No

If yes, please attach completed Trial Consent form and indicate the month and year in which trial by the Magistrate Judge is Requested:

IX.    Is there any matter that should be referred to the assigned Magistrate Judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?

        ☐ Yes    ☒ No

(If yes, please attach a completed Partial Consent form)

X.    Settlement Plan    **(Check one)**

    ☒    Settlement Conference Requested after:   Discovery

        Describe settlement judge expertise required, if any:  Experience in antitrust law and business torts preferred.

    ☐    Private Mediation Scheduled in (date):   .

    ☐    Other ADR (Explain)

    ☐    ADR is not appropriate in this case (Explain)   .

- 5 –

XI. Has a copy of the Court's ADR booklet been provided to clients as required?

    Plaintiffs: ☒ Yes ☐ No
    Defendants: ☒ Yes ☐ No

XII. Does this case warrant special case management? ☐ Yes ☒ No

XIII. Do the parties request that the Court hold a scheduling conference?

    ☐ Yes ☒ No

XIV. Estimated trial time: The parties believe that this should be determined after Court rules on the Motion to Dismiss

Read and Approved by: (Add additional lines or pages as needed)

Respectfully Submitted,

*s/Bryan J. Nowlin*
Bryan J. Nowlin, OBA No. 21310
Doerner, Saunders, Daniel & Anderson, L.L.P.
Two West Second Street, Suite 700
Tulsa, OK 74103
(918) 582-1211
(918) 591-5360 (fax)
Attorneys for Plaintiff, Tiptons Equipment, LLC


*s/Michael J. Gibbens**
Michael J. Gibbens, OBA No. 3339
Michael R. Pacewicz, OBA No. 18794
Crowe & Dunlevy,
A Professional Corporation
321 S. Boston, Suite 500
Tulsa, OK 74103
(918) 592-9840
(918) 599-6338 (fax)
Attorneys for Defendant, Verifone, Inc.

* filed and e-signed by Plaintiff's counsel with permission

1987755v1